1   William M. Demlong (I.D. No. 012458)
    Nathanael J. Scheer (I.D. No. 023815)
2   **KUNZ PLITT HYLAND**
    **DEMLONG & KLEIFIELD**
3   3838 N. Central Ave., Ste. 1500
    Phoenix, Arizona 85012-1902
4   (602) 331-4600
    wmd@kunzlegal.com
5   njs@kunzlegal.com

6   Attorneys for American Fidelity
    International (Bermuda) Ltd.

7

8           **IN THE UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF ARIZONA**

10  Maria Delores Platt Chavez, Karla Ivette          No.   CV 09-00677-TUC-JMR
    Platt Chavez, Juan R. Platt Martinez,
11  Maria Platt Chavez, Jose A. Platt Chavez,
    Antonio Chavez De Valle, Luis F. Chavez          **SPECIAL APPEARANCE TO**
12  Torres, Rafael Chavez Torres, Yolanda            **CHALLENGE JURISDICTION**
    Navarro Flores,
13                                                   **AND**

14                         Plaintiffs,               **RULE 12(B)(2) MOTION TO**
                                                     **DISMISS**
15  v.

16  American Fidelity International,
    (Bermuda) Ltd., a member of the
17  American Fidelity Group,

18                         Defendants.

19          Defendant, American Fidelity International, Ltd. ("AFI")[1], by and through

20  undersigned counsel, does hereby make a special appearance to challenge *in personam*

21  jurisdiction of this Court and moves the Court under Rule 12(B)(2) of the Federal Rules of

22  Civil Procedure ("Rules") to Dismiss the Complaint with prejudice because the Court lacks

23

24  [1] Plaintiff asserts in the caption that AFI is "a member of the American Fidelity Group."  There is
    no such legal entity called American Fidelity Group; that term is merely a brand name.  Affidavit
25  of Ron Byrne, at ¶ 7 (May 6, 2010) (attached as Exhibit 1 hereto).

personal jurisdiction over the Defendant, service of process was insufficient, process was insufficient and venue is improper.   This Motion is supported by the attached Memorandum of Points and Authorities and the Court's entire file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTUAL BASIS FOR DISMISSAL**

This litigation is a claim for breach of contract and breach of the duty of good faith and fair dealing by putative beneficiaries to a life insurance policy negotiated, purchased, and issued in Mexico, to a Mexican resident, by an insurer licensed and incorporated in Bermuda.   Complaint, at ¶¶ 1, 3-4 (Dec. 3, 2009) (Dkt. #1); Affidavit of Ron Byrne, at ¶ 3 (May 6, 2010) (attached as Exhibit 1 hereto).   According to the Complaint, the Plaintiffs are residents of the "The United Mexican States" ("Mexico").[2]   (Dkt. #1, at ¶ 1).

AFI is a privately held insurance company licensed and incorporated in and under laws of the Bermuda Islands ("Bermuda") where it maintains its principal offices.   (Ex. 1, at ¶ 3).   AFI has five (5) corporate directors: Alan Bossin, Lawrence Bird, Christopher T. Kenney, Ronald J. Byrne (Senior Vice President), and Alfred L. Litchenburg (President).   In addition, Christel Polk serves as the Corporate Secretary but is not a corporate director.   (Ex. 1, at ¶ 4).   AFI is not licensed to transact, nor does it actually transact, any business in Arizona (or anywhere else in the United States); it was formed solely to provide life

---

[2] Defendant believes that Plaintiff's allegation that the Plaintiffs are "all residents of the United States of Mexico" is a typographical error and that the Plaintiff intended to identify the country of residence for the Plaintiffs as "The United Mexican States" which is the formal name of the country bordering the United States to the south and commonly referred to as "Mexico."   Complaint, at ¶ 1 (Dkt. #1).

1

2

insurance products to "international clients"—*i.e.* people who reside outside of the United

States of America ("United States").  (Ex. 1, at ¶ 5).  AFI does not maintain any tangible

3

property, physical offices, or employees in Arizona.  (Ex. 1, at ¶ 3).

4

5

      On or about March 17, 2010, Michelle Davis served a copy of the Summons and

6

Complaint in this matter on JoAnn Capers at 2000 Classen Center, Oklahoma City,

7

Oklahoma, 73125.  Affidavit of Service, at 1 (March 17, 2010) (Dkt. #6).  Ms. Capers is

8

not an officer, director, or a managing or general agent for AFI and is not authorized by

9

AFI to accept service of process on its behalf.  (Ex. 1, at ¶ 6).

10

## II.    STANDARD OF REVIEW

11

      In a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure,

12

the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *E.g.*

13

*Bingham v. Blair*, 2010 WL 1692254, at *1 (W.D. Wash. 2010) (citation omitted);

14

*Cornelius v. Deluca*, --- F.Supp.2d ----, 2010 WL 1709928, at * 3 (D. Idaho 2010).  A

15

16

Plaintiff may "not simply rest on the bare allegations of its complaint, but rather is

17

obligated to come forward with facts, by affidavit or otherwise, supporting personal

18

jurisdiction."  *Id.* (*citing Amba Marketing Sys, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787

19

20

(9th Cir. 1977).  A plaintiff must make "a prima facie showing of jurisdictional facts to

21

withstand the motion to dismiss."  *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d

22

981, 985 (9th Cir. 2009). Where, as here, the motion is based on written materials, rather

23

than an evidentiary hearing, the plaintiff must make "a *prima facie*" showing of

24

jurisdictional facts consisting of "admissible evidence, which if believed, is sufficient to

25

establish the existence of personal jurisdiction."  *E.g. Bingham*, 2010 WL 1692254, at *1

(*citing Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).  Uncontroverted allegations

in the complaint must be taken as true, and conflicts between the facts contained in the

parties' affidavits must be resolved in [plaintiff's] favor . . . [but] a court may not assume

the truth of allegations in a pleading that are contradicted by affidavit." *E.g. Stonecreek*

*Bldg. Co., v. Plastech Holding Corp.*, 2010 WL 1253169, at *3 (D. Ariz. 2010) (Murguia,

J.) (*citing AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996);

*Data Disc., Inc. v. Systems Tech. Assoc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)).

## III.   THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT.

Personal jurisdiction "is the power of a court to enter judgment against a person."

*E.g. S.E.C. v. Ross*, 504 F.3d 1180, 1138 (9th Cir. 2007).  It "is an essential element of the

jurisdiction of a district court, without which the court is powerless to proceed to an

adjudication."  *Fidelity Nat. Financial, Inc., v. Friedman*, 2010 WL 960420 (D. Ariz.

2010) (Broomfield, S.J.) (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119

S.Ct. 1563, 1570, (1999); *Wells v. Kearney*, 2009 WL 2568635, at *9 (D. Ariz. 2009)

(Zapata, J.).

Where there is no applicable federal statute governing personal jurisdiction, the law

of the state in which the district court sits applies.  *E.g. Schwarzenegger v. Fred Martin*

*Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  To establish personal jurisdiction, a plaintiff

must demonstrate that: (1) the state's long arm statute confers jurisdiction over the

defendant; and (2) that "the exercise of jurisdiction comports with the constitutional principles of due process." *E.g. Fiorani v. Lowry*, 2010 WL 1381325, at *2 (D. Ariz. 2010) (Snow, J.) (*citing Rio Props., Inc. v Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); . Here, "[b]ecause Arizona's long-arm statute extends jurisdiction 'to the maximum extent permitted by the ... Constitution of the United States,' the Court's personal jurisdiction inquiry largely collapses into an analysis of due process." *Id.* (*citing* Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *Williams v. Lakeview Co.*, 199 Ariz. 1, 5, 13 P.3d 280, 282 (2000)).

Under the due process clause, a defendant must have sufficient "minimum contacts" with the forum state so that subjecting the defendant to its jurisdiction will not "offend traditional conceptions of fair play and substantial justice." *E.g. Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, (1945) (internal quotation marks omitted). Under this standard, "the defendant's conduct and connection with the forum State [must be] such that he [or she] should reasonably anticipate being haled into court there." *E.g. World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 (1980).

The "minimum contacts" standard may be satisfied in one of two ways. First, a court may exercise "general jurisdiction" when the defendant's contacts with the forum state are "continuous and systematic." *E.g. Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, ---- (1984); *Armored Group, LLC v. Supreme Indtrs, Inc.*, 2009 WL 1390841, at *1 (D. Ariz. 2009) (Wake, J.). To constitute "continuous and systematic" contacts, the defendant's conduct in the forum state must have

1   the "'[l]ongevity, continuity, volume, economic impact, physical presence, and integration

2   into the state's regulatory or economic markets' [to] amount to a general presence in the

3   state." *Armored Group*, 2009 WL 1390841, at *1 (*quoting Tuazon v. R.J. Reynolds*

4   *Tobacco Co.*, 433 F.3d 1163, 1173 (9th Cir. 2006)).  In *Armored Group*, for instance, the

5   Court found that it lacked general personal jurisdiction over a defendant who sold vehicles

6   in Arizona because the defendant was not an Arizona corporation, did not have its principle

7   place of business in Arizona, was not licensed in Arizona, did not have a registered agent

8   for service of process in Arizona, and did not maintain any offices or employees in

9   Arizona.  *Armored Group*, 2009 WL 1390841, at *1.

10

11          Second, a court may exercise "specific jurisdiction" if a defendant "has purposefully

12   directed [its] activities at residents of the forum . . . and the litigation results from alleged

13   injuries that arise out of or relate to those activities" such that the claim would not have

14   arisen "but for" the defendant's actions/contacts with the forum.  *E.g. Armored Group*,

15   2009 WL 1390841, at *2; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct.

16   2174, ---- (1985) (internal quotation omitted); *Panavision Int'l v. Toeppen*, 141 F.3d 1316,

17   1322 (9th Cir. 1998); *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).  Finally, in

18   addition to establishing the requisite minimum standards discussed above, "the assertion of

19   jurisdiction must be found reasonable."  *E.g. Bauman v. DaimlerChrysler Corp.*, 579 F.3d

20   1088, 1094 (9th Cir. 2009) (internal quotation omitted).

21

22          Personal jurisdiction over a parent corporation does not establish jurisdiction over a

23   subsidiary.  *Bingham*, 2010 WL 1692254, at *3; *Armored Group*, 2009 WL 1390841, at *2

24

25                                              - 6 -

("bald allegations" of corporate affiliation, alone, are insufficient; a plaintiff must present "evidence of a lack of separate corporate identities" to defeat a motion to dismiss).  Rather, "[e]ach defendant's contacts with the forum state must be assessed individually."  *Id.* (*citing Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, 104 S.Ct. 1473, 1481-82 (1984); *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 1487 (1984); *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct. 571, 579-80 (1980).  A plaintiff may not "impute the contacts of the corporate entity . . . to the individual Defendant . . . for the purpose of establishing personal jurisdiction over this individual Defendant."  *Id.*; *see also Holland America Line Inc. v. W%20artsil%20a N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (holding that where a company "has not put any products into the stream of commerce that might have ended up in the forum, whether through a distributorship agreement or otherwise[,] [t]hat alone ends the inquiry . . . where a parent and a subsidiary are separate and distinct corporate entities, the presence of one. . . in a forum state may not be attributed to the other); *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001); *Patrick v. Mass. Port Auth.*, 141 F.Supp.2d 180, 185-86 (D. N.H. 2001) (granting motion to dismiss because the plaintiff offered "no evidence that the defendant was the successor-in-interest of a company over which the court had personal jurisdiction").

Here, Plaintiffs cannot make a *prima facie* showing that AFI has the requisite minimum contacts with Arizona.  First, like the defendant in *Armored Group*, AFI is not an Arizona corporation, is not authorized, licensed, or actively soliciting/conducting business in Arizona, and does not maintain any physical property or employees in Arizona.  (Ex. 1,

at ¶¶ 3 & 5).  Rather, AFI is licensed, incorporated, and principally located in Bermuda and its sole focus is on the international—not domestic—insurance market.  (Ex. 1, at ¶¶ 3 & 5).  Plaintiffs attempt to get around this jurisdictional hurdle by alleging that AFI "is a member of the American Fidelity Group" which, they allege, "*is* authorized to and doing business in the State of Arizona."  (Dkt. #1, at ¶ 2).  American Fidelity Group, however, is merely a brand name; it is not a legal entity.  (Ex. 1, at ¶ 7).  Plaintiffs thus conflate alleged "membership" in a brand name—the "American Fidelity Group"—somehow with the authority to do business in Arizona which is patently contrary to Arizona law.  Ariz. Rev. Stat ("A.R.S.") § 20-206 ("No person shall act as an insurer and no insurer shall transact insurance in this state except as authorized by a subsisting authority granted to it by the director").  Indeed, whether or not *other* insurers who may be part of the "American Fidelity Group" are authorized to do, and/or actually doing, business in Arizona is immaterial to the court's *personal* jurisdiction over AFI since AFI does not have any meaningful contacts with Arizona.  *See e.g. Bingham*, 2010 WL 1692254, at *3 (contacts with forum state of employer do not impute personal jurisdiction over employee); *Keeton*, 465 U.S. at 781, 104 S.Ct. at 1481-82 (plaintiff must make showing that court has personal jurisdiction over each defendant individually); *Calder*, 465 U.S. at 790, 104 S.Ct. at 1487; *Rush v. Savchuk*, 444 U.S. at 332, 100 S.Ct. at  579-80; *Holland America*, 485 F.3d at 459; *Unocal Corp.*, 248 F.3d at 925; *Patrick*, 141 F.Supp.2d at 185-86.

        In addition, Plaintiffs do not allege that AFI took any actions in Arizona, or directed any conduct towards Arizona, or citizens of Arizona.  (Dkt. #1, at ¶¶ 4-9).  Rather, all of

the conduct giving rise to the Complaint occurred in Mexico where Plaintiffs are residents; this is also the locale of  where the life insurance policy at issue was negotiated, purchased, and issued.  (Dkt. #1, at ¶ 3)  Moreover, since the policy was purchased and issued in Mexico, to a Mexican resident, and all of the beneficiaries are alleged to reside in Mexico, AFI has no reasonable expectation that it could be hailed into a Court in Arizona to litigate this policy. (Dkt. #1, at ¶¶ 1-7).

As such, there simply is no basis to find that AFI has any "continuous and systematic" contacts with Arizona that would subject it to general jurisdiction.  *See Helicopteros*, 466 U.S. at 415. With respect to specific jurisdiction, Plaintiffs have also failed to provide any evidence to demonstrate AFI "has purposefully directed [its] activities at residents of [Arizona]... and the litigation results from alleged injuries that arise out of or relate to those activities." *See Burger King*, 471 U.S. at 472.  Since Plaintiffs cannot meet their burden, their complaint must be dismissed.

## IV.    INSUFFICIENT PROCESS AND IMPROPER SERVICE OF PROCESS.

Service of process is the "mechanism by which the court actually acquires the power to enforce a judgment against the defendant's person or property."  *E.g. Rose v. Miss Pacific LLC*, 2009 WL 1688123, at *3 (D. Or. 2009) (*citing SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007)).  While service of process is "often conflated" with personal jurisdiction, it is "a distinct and separate concept" without which "the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *Id*.

The requirements for properly serving process on a party is established in Rule 4(h)(1) of the Federal Rules of Civil Procedure ("Rule") which provides that "a foreign corporation, partnership, or association" must be served:

> (1)   in a judicial district of the United States:
>
> (A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)   by delivering a copy of the summons and of the complaint to an <u>officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process</u> and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4(h)(1) (emphasis added).  Since Rule 4(h)(1) has two parts—(A) & (B)—each will be addressed separately.

Starting with Rule 4(h)(1)(A), the Rule incorporates and applies the requirements of Rule 4(e)(1) which provides for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  As such, under Rule 4(h)(1)(A) and Rule 4(e), this Court is bound to apply either Arizona law ("where the district court is located") or Oklahoma law ("where service is made").

### A.   Arizona Law

Under Arizona law, an insurer is considered an "alien insurer" if it is "formed under the laws of a country other than the United States."  A.R.S. § 20-201.  By statute, "[s]ervice of process against a foreign or alien insurer <u>shall be made only by service of process upon the director</u> [of the Arizona Department of Insurance]." A.R.S. § 20-221(B)

(emphasis added).  *Id.*  The statute applies to all alien insurers and does not distinguish between "authorized" and "unauthorized" alien insurers; nor does it require the insurer to be actually "transacting business" in Arizona.  *Id.*[3]   Indeed, in *Phoenix of Hartford, Inc. v. Harmony Restaurants, Inc.*, 114 Ariz. 257, 258, 560 P.2d 441, 442 (Ariz. Ct. App. Div. 1, 1977), Division One of the Arizona Court of Appeals held that "the applicable requirement for service [of process on a foreign insurer] is that set forth in the Insurance Code, A.R.S. § 20-221, and that service on an agent rather than the director of insurance was improper." *See also Hill Bros. Chemical Co. v. Grandinetti*, 123 Ariz. 84, 88, 597 P.2d 987, 988 (Ariz. Ct. App. Div. 1, 1979) (acknowledging that service on director was exclusive mechanism for service on foreign insurer).  Under Arizona law, it is clear that the only method of service of process is through the director of the department of insurance.  Since the Plaintiff here did not serve a copy of the Summons and Complaint on the director of the Arizona Department of Insurance, service of process was improper under Arizona law and this Court should dismiss the Complaint until proper service of process is accomplished under Arizona law.  (Dkt. #6, at 1).

**B.     Oklahoma Law**

---

[3] Indeed, if the insurer was "authorized" in Arizona, then Arizona law requires it to appoint the director as its attorney to accept service of process.  A.R.S. § 20-221(A).  Conversely, if the alien insurer is <u>not</u> authorized to do business in Arizona, but is transacting business in Arizona anyway, then the insurer is deemed by law to have appointed the director to accept service of process.  A.R.S. § 20-403(A).  Thus, either way, the only proper way to serve process on an alien insurer in Arizona is through the director of the department of insurance.

- 11 -

Under Oklahoma state law, the Insurance Commissioner is the exclusive service agent for a cause of action only if it "aris[es] from [a foreign or alien insurer's] transaction of business in the State of Oklahoma." *Cont'l Oil Co. v. Nat'l Fire Ins. Co. of Conn.*, 541 P.2d 1315, 1317 (1975); 36 Okl. St. Ann. § 621 *et seq.* (2010 Supp.). Since the suit at issue does not arise out of a transaction of business in the State of Oklahoma, Oklahoma requires service be made "by delivering a copy of the summons and of the petition to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process…." Okl. St. Ann. § 2004 (2010 Supp.) Here, as noted above, the person the Plaintiffs served is not an officer, managing or general agent of the Defendant, nor was she authorized by appointment to receive service of process. Indeed, since the Complaint was filed in Arizona, the only person "appointed by law" to accept service of process, would be the director of the Arizona department of Insurance under Arizona law as described above. A.R.S. § 20-221(B). As such, service of process was improper under Oklahoma law and this suit should be dismissed for that reason.

### C.     Service of process was improper under Rule 4(h)(1)(B).

Under 4(h)(1)(B), service of process is proper only by "delivering a copy of the summons and of the complaint to an <u>officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process</u> and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Here, the Plaintiff served a copy of the summons on JoAnn Capers who is not an "officer," "managing or general agent," or an "agent

1    authorized by appointment or by law to receive service of process" for AFI.  (Dkt. #6, at 1;

2    Ex. 1, at ¶ 6).   As such, service of process was improper and the Complaint must be

3    dismissed.

4    **V.      VENUE IS IMPROPER IN ARIZONA BECAUSE NEITHER THE
5            DEFENDANT NOR THE PLAINTIFFS RESIDE IN ARIZONA.**

6            Plaintiff's claims are for breach of contract and breach of the duty of good faith and

7    fair dealing.  As such, Plaintiff has not plead a federal question, and federal jurisdiction is

8    apparently asserted based on diversity of citizenship (even though neither the Plaintiff nor

9    the Defendant reside in the United States).  Venue for such an action is proper: (1) in the

10   judicial district where "any defendant resides," (2) where a "substantial part of the events

11   or omissions giving rise to the claim occurred," or (3) in which the defendant is subject to

12   personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(a).  First,

13   Plaintiff admits that the Defendant "resides" Bermuda which is not within this judicial

14   district.  (Dkt. #1, at ¶ 1; *see also* Ex. 1, at ¶¶ 3 & 5).  Second, none of the "events"

15   allegedly giving rise to the claim are alleged to have occurred in Arizona; instead, Plaintiff

16   alleges that the insurance policy at issue here was purchased and issued in Mexico, to a

17   Mexican resident, who died in Mexico.  (Dkt. # 1, at at ¶¶ 2-5).  Lastly, for all of the

18   reasons argued above, this court lacks personal jurisdiction over the Defendant and,

19   therefore, venue is improper.

20          In *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259, 102 S.Ct. 252, 262 (1981), the

21   Supreme Court held that dismissal of wrongful death claim was appropriate for *forum non*

- 13 -

*conveniens* where "trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." Here, Plaintiff can offer no justifiable reason for holding trial in Arizona. Since the policy was negotiated, purchased, and issued in Mexico, it is likely that Mexican law would apply. (Dkt. #1, at ¶ 1-5). Moreover, since the Defendant is a resident of Bermuda and "the Plaintiffs are all residents of the United States of Mexico," one of those two forums has more significant ties to the litigation and would be more convenient for the parties. (Dkr. #1, at ¶ 1; see also Ex. 1, at ¶¶ 3 & 5).

## VI. CONCLUSION

For all of the foregoing reasons, Defendant requests that this Court dismiss Plaintiffs' Complaint with Prejudice.

RESPECTFULLY SUBMITTED this 7th day of May, 2010.

KUNZ PLITT HYLAND
DEMLONG & KLEIFIELD
A Professional Corporation


By    s/ Nathanael J. Scheer
          William M. Demlong
          Nathanael J. Scheer
          3838 N. Central Avenue, Suite 1500
          Phoenix, Arizona 85012-1902
          Attorneys for Plaintiff American Fidelity
          International (Bermuda) Ltd.

- 14 -

1

## CERTIFICATE OF SERVICE

2         I hereby certify that on 7th day of May, 2010, I electronically transmitted the
attached document to the Clerk's Office using the CM/ECF System for filing and

3   transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

4

William J. Risner, Esq.

5   bill@risnerandgraham.com
Risner & Graham

6   100 N. Stone, Suite 901
Tucson, Arizona 85701-1526

7

8

s/ Kelly Haverstock

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                - 15 -