1  William M. Demlong (I.D. No. 012458)
2  Nathanael J. Scheer (I.D. No. 023815)
   **KUNZ PLITT HYLAND**
3  **DEMLONG & KLEIFIELD**
   3838 N. Central Ave., Ste. 1500
4  Phoenix, Arizona 85012-1902
   (602) 331-4600
5  wmd@kunzlegal.com
   njs@kunzlegal.com

6  Attorneys for Defendant American Fidelity
   International (Bermuda) Ltd.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Maria Delores Platt Chavez, Karla Ivette Platt Chavez, Juan R. Platt Martinez, Maria Platt Chavez, Jose A. Platt Chavez, Antonio Chavez De Valle, Luis F. Chavez Torres, Rafael Chavez Torres, Yolanda Navarro Flores,<br><br>Plaintiffs,<br><br>v.<br><br>American Fidelity International, (Bermuda) Ltd., a member of the American Fidelity Group,<br><br>Defendants. | No.   CV 09-00677-TUC-JMR<br><br>**REPLY IN SUPPORT OF DEFENDANT'S SPECIAL APPEARANCE TO CHALLENGE JURISDICTION**<br><br>**AND**<br><br>**RULE 12(B)(2) MOTION TO DISMISS**<br><br>**AND MOTION TO STRIKE** |
|---|---|

Plaintiff's Response fails to make the required *prima facie* showing of "admissible evidence," that the Defendant even a modicum of "minimal contact" with the State of Arizona

/ / /

/ / /

/ / /

such that personal jurisdiction and/or venue are proper.[1]  Indeed, while the Plaintiff presents some evidence[2] that the Defendant has a presence in Oklahoma and/or Mexico, nowhere in the Response does the Plaintiff argue, much less make a *prima facia* showing with admissible evidence, that the Defendant has even a *single* contact with the State of Arizona.  Plaintiffs' argument that, just because *this Court* does not have personal jurisdiction over the Defendant, Plaintiffs' claims fall into some kind of jurisdictional "black hole," ignores the fact that, by their own admission, Mexico is the forum where *all* of the witnesses reside and where *all* of the facts and occurrences giving rise to this action occurred.  As such, Plaintiffs' claims against Defendant should be brought in the appropriate Mexican court.

I.     **PERSONAL JURISDICTION**

Plaintiffs' argument that this Court has personal jurisdiction over the Defendant distorts the law and ignores the facts.  First, Plaintiffs apparently accept the ample case law cited by the Defendant that, to establish personal jurisdiction over a Defendant, the Plaintiff bears the burden of showing with admissible evidence that the Defendant has

---

[1] *E.g. Stonecreek Bldg. Co., v. Plastech Holding Corp.*, 2010 WL 1253169, at *3 (D. Ariz. 2010) (Murguia, J.) (*citing AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); *Data Disc., Inc. v. Systems Tech. Assoc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)); *Bingham v. Blair*, 2010 WL 1692254, at *1 (W.D. Wash. 2010) (citation omitted); *Cornelius v. Deluca*, --- F.Supp.2d ----, 2010 WL 1709928, at * 3 (D. Idaho 2010). *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).

[2] Plaintiffs request an unspecified "extension of time" to file a declaration from "Pepe" Tapia, whom they allege was the representative of the company who sold the policy to Mr. Chavez in Mexico, after more than two weeks, Plaintiffs have failed to file the declaration with the Court or serve a copy on the Defendant.  As such, Defendant requests that any further extension of time be denied since it would delay Defendant's Motion as timely heard and that all references to the declaration in Plaintiffs' Response be stricken and disregarded by the Court.

either: (1) "continuous and systematic" contacts with *Arizona* or (2) that the Defendant has "purposefully directed [its] activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities."[3]  Second, Plaintiff has failed to present any evidence that the Defendant has a presence in Arizona, much less a "continuous and systematic" presence in the state.  Moreover, Plaintiffs admit that the allegations underlying the Complaint did not occur in Arizona and that neither the putative insured nor any of the beneficiaries are residents or citizens of Arizona.  Response, at 2:1-3 (May 21, 2010) (Dkt. #8).  As such, this litigation simply has no ties to the State of Arizona and this Court has no jurisdiction to hear the controversy.  Indeed, the fact that the Arizona Department of Insurance ("ADOI") refused to accept service of process belays the fact that the Defendant has no contacts with the state of Arizona and none of the alleged facts or occurrences happened in Arizona or involve an Arizona citizen or resident (either of which would require the ADOI to accept service under A.R.S. §§ 20-221 & 403).[4]

Plaintiffs attempt to create personal jurisdiction from whole cloth by arguing that, because Defendant outsources certain underwriting and claims adjudication services to a third-party located in Oklahoma, a Court in *Arizona* somehow has personal jurisdiction over a Defendant domiciled in Bermuda is misplaced.  To support this argument, Plaintiffs propose to offer statement of an agent who sold the Policy in Mexico represented it as

---

[3]  *See* cases cited in Section III of Defendants Motion (Dkt # 7) which is incorporated herein in its entirety by this reference.

[4]  In light of the ADOI's refusal to accept service of process, Defendant withdraws its argument that Plaintiff should have sought service through the ADOI.

- 3 -

being issued by "American companies" and that the agent was paid in American dollars by a Florida company.  Plaintiffs, however, have failed to provide this alleged statement to the Defendant or the Court in the two weeks since filing their Response.[5]  More importantly, contrary to Plaintiffs' argument, "the view point of the sales representative" is not only nonbinding on this Court it is totally irrelevant to whether the due process clause of the United States Constitution is met here.  *See e.g. Armored Group*, 2009 WL 1390841, at *2-3 (providing a list of factors for courts to consider which does not include the "view point of the sales representative").  Even if true, however, the "facts" alleged by the agent are irrelevant to the question of whether the Defendant has any contacts with the State of Arizona.  Similarly, the fact that the Policy was issued in English rather than Spanish,[6] and that premiums and commissions were paid in American dollars rather than Mexican Pesos, do not create a "contact" with the State of Arizona.  Finally, Plaintiffs have pointed to no case law supporting their argument that the language the Policy was printed in, or the currency used to pay premiums and commissions, is determinative of personal jurisdiction.

Next, Plaintiffs falsely argue that personal jurisdiction in *Arizona* is appropriate because the application, and other policy related documents, were either mailed to or from an address (or entity) in *Oklahoma*.  In support of this argument, Plaintiffs submit three (3)

---

[5]  As noted above, Defendant requests that the Court deny any further "extension of time" to file a declaration.

[6]  Defendant notes that a copy of the Policy was not attached by the Plaintiffs and that the two (2) policy documents provided by the Plaintiffs are in Spanish not English.  See Exhibit 1 & 5 to Plaintiffs' Response (Dkt. #8).

- 4 -

forms: (1) two pages of what appears to be the Application completed by the putative insured the second page of which bears an Oklahoma address at the top (attached as Exhibit 1 to Plaintiff's Response), (2) a form in Spanish which appears to be a medical declaration (Exhibit 5 to Plaintiff's Response) and which bears, in part, the heading of an entity <u>other than the Defendant</u> who Defendant admits has a presence in Oklahoma (*e.g.* the "American Fidelity Assurance Company"), and (3) a copy of an envelope in which, it appears, a premium refund check was mailed to one of the beneficiaries bearing a return address in Oklahoma (Exhibit 6 to Plaintiff's Response).  Again, none of these documents suggest a contact with *Arizona* such that personal jurisdiction in *this Court* would be proper.  Moreover, Defendant has admitted that it is a member of the American Fidelity Group (the "Group") and that some administrative processes are conducted for the Defendant by other entities within the Group such as the American Fidelity Assurance Company ("AFAC") which has an office in Oklahoma (as evidenced by Exhibit 4 to Plaintiff's Response).  The bottom line remains unchanged: Plaintiffs have submitted no evidence that the Defendant, as opposed to some other entity within the American Fidelity Group, has any contacts with Arizona (or any other state in the United States for that matter).  The fact that some administrative functions are performed by a third-party in

/ / /

/ / /

/ / /

- 5 -

Oklahoma does not create personal jurisdiction over a Defendant in Arizona.[7]

Plaintiffs' reliance on *Hertz Corp v. Friend*, is misplaced.[8]  First, *Hertz* dealt with diversity jurisdiction not personal jurisdiction and, as such, is inapposite.[9]  Moreover, the *Hertz* Court held that a corporation's "nerve center" was the place where "the corporation's high level officers direct, control, and coordinate the corporation's activities."  Here, as attested to by Ron Byrne, that place is Bermuda (not Oklahoma) where the company is licensed and domiciled and where the decision to rescind the policy was made.[10]  Plaintiffs have submitted no evidence to contradict the affidavit filed in support of the Motion.  Rather, at best, Plaintiffs' purported evidence proves that Defendant is a member of the American Fidelity Group and that some administrative processes (such as collecting applications and issuing premium refund checks) are conducted on its behalf by a third-party located in Oklahoma.  Important business decisions such as underwriting and rescission of policies are made by the Defendant in Bermuda and carried out, as appropriate, by third-party administrators.  At the end of the day, the Defendant simply has

---

[7]  See e.g. *Bingham v. Blair*, 2010 WL 1692254, at *3 (W.D. Wash. 2010); *Armored Group, LLC v. Supreme Indtrs, Inc.*, 2009 WL 1390841, at *1 (D. Ariz. 2009) (Wake, J.); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, 104 S.Ct. 1473, 1481-82 (1984); *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 1487 (1984); *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct. 571, 579-80 (1980); *Holland America Line Inc. v. W%20artsil%20a N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007); *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001); *Patrick v. Mass. Port Auth.*, 141 F.Supp.2d 180, 185-86 (D. N.H. 2001).

[8]  --- U.S. ---, 130 S.Ct. 1181 (2010).

[9]  *Id*. at 1192-3 (2010).

[10]  See Affidavit of Ron Byrne, at ¶¶ 3-4 (May 6, 2010) (attached as Exhibit 1 to Defendant's Motion) (Dkt. #7).

1 no contacts with Arizona (or Oklahoma) and this Court lacks personal jurisdiction over the
2 Defendant.

## II.   INSUFFICIENT PROCESS AND IMPROPER SERVICE OF PROCESS.

Under Rule 4(h)(1) of the Federal Rules of Civil Procedure ("Rule"), and the comparable state laws in Arizona and Oklahoma, service of process must be performed "by delivering a copy of the summons and of the complaint to an <u>officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process</u>."[11]  Here, Plaintiffs served JoAnn Capers, despite the fact that Ms. Capers is not an officer or managing or general agent of the Defendant and she is <u>not</u> authorized by appointment to accept service of process for the Defendant.  Plaintiffs offer no evidence that service was proper.[12]

## III.   MEXICO OR BERMUDA WOULD BE THE MOST CONVENIENT VENUE FOR THIS ACTION.

Defendant argued in its Motion that since the Defendant is a resident of Bermuda, and "the Plaintiffs are all Mexican residents, then one of those two forums has more significant ties to the litigation and would be a more convenient/appropriate forum.  Plaintiffs reinforce this argument when they note that, not only are all of the Plaintiffs residents of Mexico, but "<u>all</u> the witnesses such as the medical doctors and [insurance] salesmen <u>reside in Hermosillo, Sonora,</u> [Mexico]."  Response, at 2:16-18.  Since the policy

---

[11]  Fed. R. Civ. P. 4(h)(1); Okl. St. Ann. § 2004 (2010 Supp.); Ariz. R. Civ. P. 4(h)(1).

[12]  *See e.g. Veeck v. Commodity Enterp., Inc.,* 487 F.2d 423 (9th Cir. 1973) (holding that strict compliance with statutes governing service of process is necessary for the court to obtain jurisdiction).

- 7 -

was negotiated, purchased, and issued in Mexico, it is likely that Mexican law would apply and if <u>all</u> of the witnesses—and the Plaintiffs themselves—are all residents of Mexico, then Mexico, not Arizona, is obviously the proper forum for this action. Moreover, all of the events and transactions underlying this action occurred in Mexico. This Court is likely to encounter difficulties in compelling the testimony of witnesses who, by Plaintiff's own admission, are not subject to the jurisdiction of this Court. Moreover, requiring the Defendant to litigate this matter in Arizona would require witnesses from Bermuda and Mexico either be transported to Arizona for depositions and trial or Defendant's Arizona-based attorneys be transported to Mexico or Bermuda; either way, litigating in Arizona would impose a significant burden on the Defendant, the witnesses, and the Court. Under *Piper Aircraft Co. v. Reyno*, it would appear that this Court should dismiss this action *forum non conveniens* because "trial in the plaintiff's chosen forum [Arizona or Oklahoma] imposes a heavy burden on the defendant or the court, and [] the plaintiff[s] [are] unable to offer any specific reasons of convenience supporting [their] choice."[13]

## IV.   CONCLUSION

For all of the foregoing reasons, Defendant requests that this Court dismiss Plaintiffs' Complaint with Prejudice.

///

///

///

---

[13] 454 U.S. 235, 259, 102 S.Ct. 252, 262 (1981)

- 8 -

RESPECTFULLY SUBMITTED this 8th day of June, 2010.

**KUNZ PLITT HYLAND**
**DEMLONG & KLEIFIELD**
A Professional Corporation


By   s/ Nathanael J. Scheer
    William M. Demlong
    Nathanael J. Scheer
    3838 N. Central Avenue, Suite 1500
    Phoenix, Arizona 85012-1902
    Attorneys for Defendant American
    Fidelity International (Bermuda) Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on 8th day of June, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

William J. Risner, Esq.
bill@risnerandgraham.com
Risner & Graham
100 N. Stone, Suite 901
Tucson, Arizona 85701-1526


s/ Kelly Haverstock